DANAHY, Acting Chief Judge.
The plaintiff in a personal injury action appeals from a final judgment for the ap-pellee/defendant entered upon a directed verdict in the appellee’s favor. We believe that the appellant’s testimony and other evidence was sufficient to survive a motion for directed verdict, and we reverse.
The appellant was the occupant of the first vehicle in a chain of three vehicles found by a police officer in a bumper-to-bumper position. The middle vehicle was driven and owned by persons not parties in this case, and the rear vehicle was owned by the appellee and driven by an employee of the appellee.
The drivers of the middle and rear vehicles were not available to testify and there were no other witnesses to describe how the collision of these vehicles occurred. The appellant presented no accident reconstruction expert to express an opinion as to how the accident occurred. The appellee argued to the trial judge and argues on appeal that under such circumstances there is no evidence from which a jury could conclude that the appellee’s vehicle struck the middle vehicle, causing that vehicle in turn to strike the appellant’s vehicle. The appellee says it is just as likely that the middle vehicle first struck the appellant’s vehicle, and then was later struck by the appellee’s vehicle.
We note, however, that the appellant testified that while she was in her stationary vehicle, she heard a loud crash, “thump, thump,” and was then knocked unconscious. We think this is enough for a jury to find that there was a simultaneous double crash, from which it could be concluded that the appellee’s vehicle struck the mid- *294 die vehicle causing the middle vehicle to strike the appellant’s vehicle.
Accordingly, we reverse and remand for further proceedings.
LEHAN and PATTERSON, JJ., concur.